IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X
NORTH FORK PARTNERS INVESTMENT           :
HOLDINGS, LLC,                           :
                                         :
                 Movant,                 :
                                         :   Case No.: 1:22-cv-01681-SAG
           v.                            :
                                         :   Ancillary to Civil Action No.:
FORBRIGHT BANK f/k/a CONGRESSIONAL       :   1:20-cv-02444-LJL-DF (S.D.N.Y.)
BANK,                                    :
                                         :
                 Respondent.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X
```

**RESPONDENT FORBRIGHT BANK f/k/a CONGRESSIONAL BANK'S
MOTION FOR ORDER TO SHOW CAUSE WHY NORTH FORK PARTNERS
INVESTMENT HOLDINGS, LLC AND ITS COUNSEL SHOULD NOT BE HELD IN
<u>CONTEMPT AND FOR SANCTIONS</u>**

Non-Party Forbright Bank f/k/a Congressional Bank ("Forbright"), by and through undersigned counsel, hereby moves for an Order directing Movant North Fork Partners Investment Holdings, LLC ("North Fork") and its counsel to show cause why they should not be held in contempt for failing to comply with this Court's Order, dated August 2, 2022, granting North Fork's Motion to Compel Production of Documents and ordering payment of the production expenses and fees associated therewith [ECF No. 6], and, in support thereof says:

1. On March 20, 2020, North Fork commenced its ancillary civil action in the matter known as *North Fork Partners Investment Holdings, LLC v. Bracken,* United States District Court for the South District of New York, Case No. 1:20-cv-024440-LJL-DF.

2. On March 18, 2022, North Fork issued a third-party subpoena *duces tecum* to Forbright (the "Subpoena") demanding the production of seventy-five (75) categories of documents on or before April 18, 2022. A copy of the Subpoena is attached as **Exhibit A**.

3. On April 15, 2022, Forbright served its objections and responses to the Subpoena and began its rolling production of relevant documents. The parties engaged in a series of communications regarding the scope and relevance of the Subpoena as well as North Folk's agreement to pay costs and expenses related to document production.

4. Having conferred regarding the Subpoena and their discovery disputes on several occasions, ultimately reaching an impasse, North Fork filed a Motion to Compel Production of Documents on July 8, 2022. (ECF No. 1).

5. On August 2, 2022, this Court entered an Order granting North Folk's Motion to Compel and ordering Norfolk to pay the production expenses, including attorneys' fees, incurred by Forbright ("Order"). (ECF No. 6). The Order specifically instructed Forbright and North Fork to meet and confer "to agree upon a timetable for: (1) North Fork's payment of any outstanding expenses incurred by Forbright and (2) Forbright's production of the remaining documents requested by the subpoena." *Id.* at 2.

6. Pursuant to the Court Order, undersigned counsel for Forbright made five (5) good faith attempts to meet and confer. *See* **Exhibit B**. Specifically, after the issuance of the Court Order, Forbright's counsel unsuccessfully reached out to North Fork's counsel, Jeffrey McFadden of the Law Offices of Jeffrey E. McFadden, LLC, to schedule a meet and confer on August 2, 2022, August 3, 2022, August 5, 2022, August 8, 2022, and August 10, 2022. *Id.*

7. Despite these good faith attempts, North Fork's counsel continued to purposely delay and defy this Court's Order.

8. On August 12, 2022, North Fork filed a new, related Complaint against Forbright in the Supreme Court of the State of New York, New York County, attached hereto as **Exhibit C**.[1]

9. On August 16, 2022, counsel for both parties finally met and conferred pursuant to the Court Order. During this conference, counsel for North Fork indicated that North Folk would be withdrawing the Subpoena and therefore would not be paying any of the costs and expenses incurred to date, despite this Court's Order.

10. To date, North Fork has not complied with its obligations as required by the Court's Order. North Folk has failed to make payments for the outstanding expenses Forbright has incurred to date in relation to the Subpoena. The Court's Order expressly stated that North Fork and Forbright were to "agree upon a timetable for: (1) North Fork's payment of any outstanding expenses incurred by Forbright." (ECF No. 6). Instead, North Folk is attempting to evade its obligations by belatedly withdrawing the Subpoena and completely disregarding the already incurred costs associated with Forbright's productions to date. North Folk has violated the terms of its own agreement and shown flagrant disregard for the authority of this Court.

11. Forbright respectfully requests that the Court order North Fork and its counsel to show cause as to why they should not be found in contempt for their failure to abide by the Court's Order. A court "may impose sanctions for civil contempt 'to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy,'" and is "an appropriate sanction if [the movant] can point to an order of this Court which 'set[s] forth in

---

[1] The case titled *North Fork Partners Investment Holdings, LLC v. Forbright Bank, et al.*, Index No. 652905/2022, was removed to the Southern District of New York, Case No. 1:22-cv-07060-LJL, and designated related to *North Fork Partners Investment Holdings, LLC v. Bracken*, Case No. 1:20-cv-024440-LJL-DF.

specific detail an unequivocal command which a party has violated.'" *In re Gen. Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995) (citation omitted).

12. Sanctions are the only appropriate remedy for North Fork's and its attorneys' ongoing failure to abide by their own written agreement with the undersigned counsel, and the subject Order of this Court.

13. This Court has authority to impose sanctions "[i]f a party . . . fails to obey an order to provide or permit discovery." FED. R. CIV. P. 37(b)(2)(A); *see also Victor Stanley*, *Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 520 (D. Md. 2010). Moreover, the Court has discretion to order the sanctioned party to pay the moving party's attorneys' fees. *See* FED. R. CIV. P. 37(b)(2)(A)(vi) and (b)(2)(C); *see also O'Briant v. Nestle Dreyers Ice Cream*, No. 18-1048, 2020 U.S. Dist. LEXIS 118340, *18 (D. Md. July 6, 2020).

WHEREFORE, Non-Party Forbright Bank f/k/a Congressional Bank respectfully requests the following relief:

A. That Movant North Fork and its counsel be directed to show cause within ten (10) days why they should not be held in contempt of this Court for their failure to comply with this Court's Order requiring North Fork's payment of any outstanding expenses incurred by Forbright. (ECF No. 6) (the "Order");

B. That a hearing be scheduled for this Court to consider what sanctions, if any, should be imposed against North Fork and its attorneys for their failure to comply with the Order;

C. That this Court impose monetary sanctions against North Fork and its attorneys;

D. That this Court order North Fork to pay the attorneys' fees and costs incurred by Forbright to produce the subject discovery in accordance with the Subpoena and to pursue to the relief sought in this motion; and

E. That Forbright be granted such other and further relief as is just and equitable.

Dated: August 23, 2022.                                    Respectfully submitted,

*/s/ John D. Sadler*
John D. Sadler (Bar No. 0212190114)
Jessica Hepburn Sadler (Bar No. 0606130136)
BALLARD SPAHR LLP
1909 K Street, NW - 12th Floor
Washington, DC 20006-1157
Telephone: (202) 661-2256
Facsimile: (202) 661-2299
sadlerj@ballardspahr.com

*Counsel for Forbright Bank f/k/a Congressional Bank.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of August, 2022 a true and accurate copy of the foregoing was served via the court's Electronic Case Filing system on all counsel of record.

*/s/ John D. Sadler*
John D. Sadler