**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF**<br>**STEPHANIE A. GALLAGHER**<br>**UNITED STATES DISTRICT JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-7780**<br>Fax (410) 962-1812<br>MDD_SAGchambers@mdd.uscourts.gov |

September 19, 2022

### **LETTER MEMORANDUM**

Re:  <u>North Fork Partners Investment Holdings, LLC v. Forbright Bank</u>
         Civil Case No. SAG-22-1681

Dear Counsel:

This Court has reviewed the parties' submissions in relation to Forbright Bank's Motion for Order to show cause why North Fork Partners Investment Holdings, LLC ("North Fork") had not paid its production costs following this Court's August 2, 2022 letter order ("the Order"), ECF 6. ECF 7, 8, 11. Once again, the parties appear to be talking past one another in a way that exacerbates a relatively simple need for clarification of the Order. The parties' interpretive disagreement does not amount to conduct, on either side, warranting contempt or sanctions. Forbright Bank's Motion for Order to Show Cause, ECF 7, will therefore be DENIED, and this Court will clarify its August 2, 2022 Order as described below.

As the Order stated, this Court intended to require production of the documents sought by North Fork only if the expenses of that production, including the cost of privilege review, were transferred to North Fork. ECF 6. To that end, this Court directed the parties to meet and confer on the timetable of the anticipated production and on the payment of "North Fork's payment of any outstanding expenses incurred by Forbright." By use of that shorthand, this Court intended to refer to the reasonable production expenses Forbright had occurred as of August 2, 2022.

Despite all of the information the parties provided about their email exchanges and the size of Forbright Bank, nobody provided this Court with information regarding the crux of the dispute: what expenses are presently sought by Forbright and when were those expenses incurred? In this Court's view, any fees or expenses incurred between the time of this Court's Order and the parties' eventual meet and confer are not recoverable because the parties should have conferred first about North Fork's intent to proceed with the subpoena before making additional expenditures. Similarly, any fees or expenses incurred after the parties' meet and confer are also not recoverable because North Fork decided not to proceed with the subpoena. Given North Fork already compensated Forbright Bank for certain expenditures before this dispute arose, this Court finds it perplexing that Forbright Bank could have an additional $40,000 in expenses incurred before August 2, 2022. However, this Court has no information to assess the reasonableness of that request.

Put another way, this Court did intend for the parties to meet and confer regarding a reasonable assessment of the expenses Forbright Bank had incurred as of August 2, 2022. This

<u>North Fork Partners Investment Holdings, LLC v. Forbright Bank</u>
Civil Case No. SAG-22-1681
September 19, 2022
Page | 2

Court also intended that those reasonable expenses incurred before August 2, 2022 be borne by North Fork.  Given North Fork's subsequent decision not to proceed with its subpoena, any fees and expenses incurred after August 2, 2022 will not be shifted to North Fork.  Should there be disagreement as to the amount of pre-August 2, 2022 reasonable fees and expenses, the parties are directed to meet and confer, either in person or by videoconference, to conduct a line-by-line review of the relevant billing statements and to provide the Court with a detailed summary of their precise disputes.

       A separate order follows.

                                                       Sincerely yours,

                                                            /s/

                                                   Stephanie A. Gallagher
                                                 United States District Judge